```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JASON L. PERRY,**

                      **Plaintiff,**

        v.                                        CASE NO. 12-3100-SAC

**FEDERAL BUREAU OF PRISONS, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court on a civil action filed by a prisoner in federal custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

Plaintiff's request to proceed in forma pauperis is governed by 28 U.S.C. § 1915. Section 1915(a)(1) requires a prisoner seeking to bring a civil action without prepayment of fees to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satisfies these requirements.

Section 1915(a)(2) requires an inmate also to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated. Plaintiff has not yet submitted this information, and the court will direct him to supplement the record.

*Screening*

Because plaintiff is a prisoner, the court must conduct a preliminary review of his complaint and must dismiss it or any part of it that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a)-(b). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), but even under this standard, a pro se party's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff appears to identify this matter as an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680. The FTCA contains an exhaustion requirement, and the United States Supreme Court has recognized that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.,* 508 U.S. 106, 113 (1993). A plaintiff satisfies this by presenting an administrative tort claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Because it is not clear that plaintiff has submitted an administrative tort claim to the Bureau of Prisons, the court will direct him to clarify whether he has used that remedy.

2

In contrast, however, if plaintiff intends to pursue a *Bivens*-type[1] claim, invoking jurisdiction pursuant to 28 U.S.C. § 1331, he must advise the court of that intention.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff shall supply the court on or before August 3, 2012, with a certified copy of his institutional financial records for the six months preceding May 2012 from all facilities in which he was housed during that period. The failure to file a timely response may result in the dismissal of this action without prejudice and without further notice to plaintiff.

IT IS FURTHER ORDERED that on or before August 3, 2012, plaintiff shall advise the court whether he submitted an administrative tort claim to the Bureau of Prisons before commencing this action under the Federal Tort Claims Act and also shall advise the court whether he intends to pursue relief in this matter under *Bivens*.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED:  This 11th day of July, 2012, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)(recognizing a cause of action against federal officials sued in their individual capacities for constitutional violations).

3